IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SEAN AND ANZELA E., individually and**
**on behalf of their Minor Daughter, DE,**

    **Plaintiffs,**

vs.                                         No. CIV 07-1191 RB/KBM

**DAVID AND MAGGIE FRAGA, as parents**
**and legal guardian of LN, a minor, LN,**
**LAS CRUCES PUBLIC SCHOOL DISTRICT,**
**ZIA MIDDLE SCHOOL, DANIEL GOMEZ,**
**DANTE THACKER, PAULINE SANCHEZ,**
**DARLENE MARTINEZ, and JOHN/JANE DOES 1-5**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants David and Maggie Fraga's (hereinafter "Defendants Fraga") Motion for Summary Judgment, filed on April 1, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, the Defendants Fraga's Motion for Summary Judgment is **DENIED**.

**I.    Background.**

Plaintiffs Sean and Anzela E. are the parents of DE, a female child who was enrolled in special education classes at Defendant Zia Middle School when she was twelve years old (Doc. 51, 54). Defendants David and Maggie Fraga are the parents of Defendant LN, a male child who served as a student aide in these special education classes when he was fourteen years old (Doc. 51, 54).

Plaintiffs allege that, on or around May 19, 2006, DE was induced by Defendant LN to come with him to a secluded room in the school during the lunch hour, at which time he physically and sexually assaulted her (Doc. 23). On October 25, 2007, Plaintiffs filed this suit, including claims

against Defendants Fraga for parental liability for the torts of their minor child, in New Mexico state court (Doc. 1). On November 21, 2007, pursuant to federal question jurisdiction, this suit was removed to this Court (Doc. 1). Defendants Fraga filed their motion for summary judgment on April 1, 2008, asserting that they are entitled to judgment as a matter of law because they lacked prior knowledge of any inappropriate sexual activity on the part of Defendant LN (Doc. 44).

**II. Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)(quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

The Supreme Court has held that, under Fed.R.Civ.P. 56(f), "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 fn.5 (1986). This protection, however, only arises if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1082 (10th Cir. 1985). "The party filing the affidavit must show how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984).

**III.    Discussion.**

Plaintiffs' Amended Complaint includes claims against Defendants Fraga, as parents of

3

Defendant LN, for both common law and statutory liability for the torts of their minor child. "Pleadings must be construed so as to do justice." Fed.R.Civ.P. 8(e).  The notice pleading requirement of Rule 8(a)(2) allows for great generality, so long as the defendant is given fair notice of what is being asserted against him. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Plaintiffs explicitly assert in their Amended Complaint that, pursuant to a common law theory of negligence, Defendants Fraga are liable for the torts of Defendant LN (Doc. 23).  Plaintiffs further assert in their Amended Complaint that "Defendant LN also acted intentionally, willfully, and maliciously in assaulting DE and such acts were without just cause or excuse and done in utter disregard for the consequences."  Pursuant to the pleading requirements of Rule 8, this assertion is sufficiently plain to give Defendants Fraga fair notice of a claim for statutory liability under N.M. Stat. § 32A-2-27.[1] *See Bell Atlantic Corp.*, 127 S.Ct. at 1964-65.

Defendants Fraga failed to meet their burden of demonstrating that they are entitled to judgment as a matter of law on Plaintiffs' claim arising under the common law theory of negligence.[2]  Under New Mexico common law, liability may be imposed upon a parent for the torts

---

[1] N.M. Stat. § 32A-2-27 provides that "[a]ny person may recover damages not to exceed four thousand dollars ($4,000) in a civil action in a court or tribunal of competent jurisdiction from the parent or guardian having custody and control of a child *when the child has maliciously or willfully injured a person*."  N.M. Stat. § 32A-2-27(A) (2005)(emphasis added).

[2] Plaintiffs both responded to the Motion of Defendants Fraga for Summary Judgment, pursuant to Rule 56(e), and requested a continuance, pursuant to Rule 56(f), to permit Plaintiffs to conduct the discovery necessary to present facts essential to justify their opposition to summary judgment.  It is well established that a party may not attempt to respond to the merits of a summary judgment motion and afterwards fall back on Rule 56(f).  *See Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007).  The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under Rule 56(e).  *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  It is less clear whether a party may simultaneously respond to a motion for summary judgment, pursuant to Rule 56(e), and, in the alternative, request a continuance to conduct additional discovery necessary to present facts essential to defeat summary judgment, pursuant to Rule 56(f).  However, because

4

of his minor child if (1) the parent knows, or in the exercise of due care should have known, of the child's habits, traits or propensities toward the commission of a particular tort, (2) the parent has the opportunity and ability to control the minor, and (3) the parent has made no reasonable effort to correct or restrain the child. *Ross v. Souter*, 81 N.M. 181, 183, 464 P.2d 911, 913 (N.M. App. 1970). This motion for summary judgment is predicated exclusively on Defendants Fraga's lack of knowledge of Defendant LN's sexual activities.  The affidavits of David Fraga and Maggie Fraga both state, "[p]rior to the alleged incident between DE and LN, I had no knowledge of any inappropriate sexual activity by LN with anyone, specifically but not limited to any inappropriate sexual contact with DE" (Doc. 44-2, 44-3).  Defendants Fraga's evidence that they lacked knowledge of Defendant LN's inappropriate sexual activities does not, however, demonstrate that they exercised due care in discharging their parental obligations of supervising their minor child, including relevant inquiries regarding his sexual activities. *See Potomac Ins. Co. v. Torres*, 75 N.M. 129, 131, 401 P.2d 308, 309 (N.M. 1965)(noting the moral and legal duty of parents to exercise reasonable care so as to prevent their minor children from maliciously or willfully injuring another person).  Indeed, to establish that they are entitled to judgment as a matter of law, with regard to Plaintiffs' common law theory of negligence, Defendants Fraga must make a *prima facie* showing that they both lacked knowledge and exercised due care to obtain knowledge regarding Defendant LN's sexual activities. *See Ross*, 81 N.M. at 183, 464 P.2d at 913.  Because Defendants Fraga failed to establish a *prima facie* showing that they are entitled to judgment as a matter of law on Plaintiffs' common law negligence claims, their motion must be denied.

Defendants Fraga also failed to meet their burden of demonstrating that, as a matter of law,

---

Defendants Fraga failed to meet their burden of demonstrating that they are entitled to judgment as a matter of law, it is unnecessary for the Court to reach this issue.

they are not subject to liability under N.M. Stat. § 32A-2-27. N.M. Stat. § 32A-2-27 constitutes a legislative recognition of the moral duty owed by a parent to exercise reasonable care so as to control his minor child and prevent him from maliciously or willfully injuring another person. *See Potomac Ins. Co.*, 75 N.M. at 131, 401 P.2d at 309. "This duty is imposed primarily because the parent has the ability or at least the opportunity to exercise such control." *Id.* Lack of parental knowledge regarding an alleged tort is not an affirmative defense under N.M. Stat. § 32A-2-27; instead, the relevant test is whether the parent or guardian has legal "custody and control" of the child. *See Alber v. Nolle*, 98 N.M. 100, 103, 645 P.2d 456, 459 (N.M. App. 1982). Defendants Fraga only presented evidence that they lacked knowledge of any inappropriate sexual activity by Defendant LN (Doc. 44-2, 44-3). Defendants Fraga, therefore, failed to meet their burden, under Rule 56, of showing that they are entitled to judgment as a matter of law.

## IV. Conclusion.

Defendants Fraga failed to meet their burden of showing that they are entitled to judgment as a matter of law. Their motion for summary judgment, therefore, must be denied.[3]

**WHEREFORE,**

**IT IS ORDERED** that Defendants Fraga's Motion for Summary Judgment is **DENIED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court's denial of Defendants Fraga's Motion for Summary Judgment renders Plaintiffs' Request for Reconsideration of the Court's Denial of Their Rule 56(f) Discovery Request moot.