IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SEAN AND ANZELA E., individually and
on behalf of their Minor Daughter, DE,**

      **Plaintiffs,**

vs.                                                                          No. CIV 07-1191 RB/KBM

**DAVID AND MAGGIE FRAGA, as parents
and legal guardian of LN, a minor, LN,
LAS CRUCES PUBLIC SCHOOL DISTRICT,
ZIA MIDDLE SCHOOL, DANIEL GOMEZ,
DANTE THACKER, PAULINE SANCHEZ,
DARLENE MARTINEZ, and JOHN/JANE DOES 1-5**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant LN's Motion to Dismiss Count II of the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on July 14, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendant LN's Motion to Dismiss Count II of the First Amended Complaint is **GRANTED**.

**I.     Background.**

Plaintiffs Sean and Anzela E. are the parents of DE, a female child who was enrolled in special education classes at Zia Middle School, a school within the Las Cruces Public School District (hereinafter "LCPS"), when she was twelve years old. At all times relevant to this litigation, Mr. Thacker served as the Principal of Zia Middle School; Mr. Gomez was the Assistant Principal; Ms. Sanchez served as DE's Special Education teacher, and Ms. Martinez served as a reading teacher (hereinafter collectively the "School Defendants"). Defendants David and Maggie Fraga (hereinafter "Defendants Fraga") are the parents of Defendant LN, a male child who, when he was

fourteen years old, served as a student aide in the special education classes attended by DE.

Pursuant to the Individuals with Disabilities Education Act (hereinafter "IDEA"), DE's education services at Zia Middle School were furnished under an Individualized Education Plan (hereinafter "IEP").  DE's IEP included a safety plan to address concerns with her personal safety, as she was identified as being excessively trusting, lacking in self-protection skills, and failing to appreciate the consequences of her action.  Under the terms of the IEP, DE needed to be "observed at all times" and kept in the "line of sight" of an adult supervisor while on school grounds.

Beginning in the school year of September 2005 through May 2006, Defendant LN served as a student aide in the special education classroom that DE began attending in January 2006.  In this role, Defendant LN was acting under the direction and supervision of Ms. Sanchez.  Plaintiffs' allege that Defendant LN received payment and/or educational credit for providing assistance to students in the special education classroom.  Plaintiffs further allege that the students in the special education classroom, including DE perceived LN as an individual in authority and, given such authority, made specific efforts to comply with his requests.

On May 1, 2006, Plaintiffs received written notice from Ms. Sanchez that DE had allegedly lied by telling her that Defendant LN had said that he wanted DE to "have his baby."  Plaintiffs allege that Ms. Sanchez was on notice that other female students in the special education class had made similar claims and that Defendant LN considered female students in the special education class his "girlfriends."

On May 19, 2006, DE was induced by Defendant LN to come with him to a secluded room in the school during the lunch hour, at which time he physically and sexually assaulted her. Following the incident, DE was interviewed by Mr. Gomez and Ms. Sanchez before Plaintiffs were contacted.  Mr. Thacker knew that the interview was taking placing but did not contact DE's parents.

Approximately two hours after the incident, Plaintiffs were contacted and notified that they needed to come to the school.

Plaintiff Sean E. met with Mr. Gomez at the school and was told that DE was being suspended for violating school rules about being outside a student's designated class without supervision. Plaintiff Sean E. was not notified that DE had been sexually assaulted, even though Mr. Gomez and Ms. Sanchez had notice that inappropriate physical contact had occurred. DE was suspended from school for two days and was not able to attend end of year activities with her class.

After DE returned home, she spoke with Plaintiffs about what had occurred when she was alone with Defendant LN. Plaintiffs then contacted the Las Cruces Police Department, and DE was examined by the staff from La Pinon SANE Unit. The results of the evaluation confirmed that DE had been sexually assaulted. DE later transferred to another school.

On October 25, 2007, Plaintiffs filed this lawsuit pleading the following causes of action against Defendant LN: (Count II) deprivation of equal protection and substantive due process rights secured by the constitutions of the United States and State of New Mexico, with a cause of action falling under 42 U.S.C. § 1983 and claim for damages and attorney's fees under 42 U.S.C. § 1988; (Count VI) negligence, assault, and battery; (Count VII) intentional infliction of emotional distress.

On November 21, 2007, pursuant to federal question jurisdiction, this suit was removed to federal court. On July 14, 2008, Defendant LN filed his Motion to Dismiss Count II of the First Amended Complaint. Plaintiffs' claims against Defendant LN that are listed in Counts VI and VII and all claims against Defendants Fraga, LCPS, and the School Defendants are not addressed in this partial motion to dismiss.

## II.     Rule 12(b)(6) Motion to Dismiss Standard.

A claim for relief may be dismissed for failure to state a claim upon which relief can be

granted. Fed.R.Civ.P. 12(b)(6). This Court, for purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

### III.    Discussion.

42 U.S.C. § 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, neither the civil rights statutes nor the Fourteenth Amendment are a license to the federal judiciary to displace state law through the creation of a body of general federal tort law. *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (Fourteenth Amendment); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971) (civil rights statute).

#### A.  Violation of a Federally Protected Right.

Plaintiffs allege Defendant LN violated DE's federally protected substantive due process and equal protection rights. The Court will examine each of these claims individually.

A student has a constitutional right to freedom from invasion of her personal security through sexual assault by a school official. *See Ingraham v. Wright*, 430 U.S. 651, 673 (1977) (holding that

4

"[a]mong the historic liberties ... protected [by the Due Process Clause] was a right to be free from ... unjustified intrusions on personal security"). Plaintiffs assert that Defendant LN sexually assaulted DE. Plaintiffs, therefore, have adequately stated a claim against Defendant LN for depriving DE of her substantive due process rights upon which a § 1983 claim may be based.

Sexual harassment by a state actor can constitute a violation of the equal protection clause. *Murrell v. School District No. 1, Denver, Colorado*, 186 F.3d 1238, 1249 (10th Cir. 1999). Plaintiffs allege that Defendant LN made sexual advances and later sexually assaulted DE, a special education student. These allegations are cognizable under the rubric of sexual harassment. *See Id.* at 1243-44. Plaintiffs, therefore, have adequately stated a claim against Defendant LN for deprivation of equal protection upon which a § 1983 claim may be based.

### B. Color of State Law.

The "under the color of state law" requirement is a jurisdictional requisite for a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Private conduct that is not "fairly attributable" to the state is not actionable under § 1983, regardless of how wrong the conduct is. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). "The traditional definition of action under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941). Although state employment is generally sufficient to render a defendant a state actor, a private tort is not committed under the color of state law simply because the tortfeasor is an employee of the state. *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). Indeed, the acts of a state employee in the ambit of his personal pursuits are not acts under color of state law, even when these acts are committed under "the cloak of authority"

held by the public official. *D.T. ex rel. M.T. v. Independent School District No. 16*, 894 F.2d 1176, 1188 (10th Cir. 1990). Instead, for an action to be "under the color of state law," there must be "a real nexus" between the employee's use or misuse of their authority as a public employee and the violation allegedly committed by the defendant. *Jojola*, 55 F.3d at 493.

Plaintiffs make the following allegations to support their claim that Defendant LN was a state employee, acting under the color of state law, when he sexually assaulted DE. Defendant LN was a fourteen-year-old, eighth grade student at Zia Middle School, who served as a student aide, furnishing educational services to special education students in the special education class attended by DE. Acting in his official capacity as a student aide and under the direction of Ms. Sanchez, Defendant LN interacted with special education students in the class attended by DE. Defendant LN received payment and/or credit for providing assistance to these special education students. The students in the special education classroom, including DE, perceived Defendant LN as an individual in authority and made special efforts to comply with his requests. Defendant LN flirted with girls in the special education class and made specific sexual advances to DE, a student in the special education class. On May 19, 2006, DE was induced by Defendant LN to come with him to a secluded room in the school during the lunch hour, at which time he physically and sexually assaulted her (Doc. 23).

These well-pleaded allegations, even when taken as true, are insufficient to demonstrate that, at the time of the alleged sexual assault, Defendant LN possessed state authority, and even if he did possess such authority, that he exercised it in relation to his sexual assault of DE. Defendant LN did not use the authority of his position when he allegedly sexually assaulted DE. As a student aide, Defendant LN's only duties were to assist Ms. Sanchez inside the classroom. While the sexual assault may have occurred in Ms. Sanchez's classroom, it took place during the lunch hour, a period

of time in which the classroom was not in use. Significantly, Defendant LN was not authorized to be in the classroom in which the sexual assault took place during the lunch hour. In addition, Defendant LN was not authorized to act in his official capacity as a student aide during the lunch hour. Indeed, whatever authority Defendant LN had during other school periods, during the lunch hour–the time in which the alleged sexual assault occurred–he was merely a fourteen-year-old student. Defendant LN induced DE to go with him into a secluded classroom on his own volition and with his own agenda, not to fulfill his duties as a student aide. Although DE may have perceived Defendant LN to be a person in authority throughout the alleged incident, her perceptions are insufficient to attribute Defendant LN's actions to the state. See *D.T. ex rel. M.T.*, 894 F.2d at 1188. For Defendant LN's actions to be under the color of state law, there must be a real nexus–not just an apparent nexus–between the Defendant LN's alleged use of his authority as a student aide and his alleged sexual assault of DE. See *Jojola*, 55 F.3d at 493. Because there is no real nexus between Defendant LN's duties as a student aide and his alleged sexual assault of DE, Plaintiffs have failed to satisfy the color of law requirement of § 1983. *See West*, 487 U.S. at 48; *Jojola*, 55 F.3d at 493 (10th Cir. 1995). While Defendant LN's conduct was absolutely and unequivocally wrong, his private conduct is not fairly attributable to the state and, therefore, is not actionable under § 1983. *See Rendell-Baker*, 457 U.S. at 838; *Shelley*, 334 U.S. at 13.

**IV.    Conclusion.**

Because Defendant LN was not acting under the color of state law when he sexually assaulted DE, Plaintiffs' § 1983 claim against him must be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs retain their other claims against Defendant LN as set forth in Counts VI and VII, which include causes of action for negligence, assault, battery, and intentional infliction of emotional distress.

**WHEREFORE,**

      **IT IS ORDERED** that Defendant LN's Motion to Dismiss Count II of the First Amended Complaint is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**