IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SEAN AND ANZELA E.**, individually and
on behalf of their Minor Daughter, DE,

    **Plaintiffs,**

vs.                                             **No. CIV 07-1191 RB/KBM**

**DAVID AND MAGGIE FRAGA**, as parents
and legal guardian of LN, a minor, LN,
**LAS CRUCES PUBLIC SCHOOL DISTRICT,
ZIA MIDDLE SCHOOL, DANIEL GOMEZ,
DANTE THACKER, PAULINE SANCHEZ,
DARLENE MARTINEZ,** and **JOHN/JANE DOES 1-5**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion for Jury Trial, filed on January 20, 2009. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Plaintiffs' Motion for Jury Trial is **GRANTED**.

**I.    Background.**

On October 25, 2007, Plaintiffs filed a complaint for damages in state court. On November 21, 2007, before answers were filed, the case was removed to federal court. On March 5, 2008, the Joint Status Report and Provisional Discovery Plan (hereinafter "JSR") was filed with the Court. In the JSR, the parties agreed that "[t]his is a jury case" (Doc. 31). The JSR was adopted by Court Order on March 11, 2008 (Doc. 38). In early January 2009, Plaintiffs' counsel discovered that a formal demand for jury trial had not been properly served or filed. On January 20, 2009, Plaintiffs filed this Motion for Jury Trial.

**II.    Discussion.**

Rule 38 provides that a party waives a jury trial unless a demand is properly served and filed within ten days after the last pleading directed to the issue. Fed.R.Civ.P. 38. However, in spite of a litigant's tardiness under Rule 38, the Court, in its discretion, may order a trial by jury on any issue for which a jury might have been properly demanded. Fed.R.Civ.P. 39(b). The Supreme Court has recognized two principles to guide trial judges' discretion in determining whether to allow or refuse late-demanded jury trials: (1) whether the delay is justifiable and (2) whether the adverse party will be prejudiced. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988). The Tenth Circuit Court of Appeals, while upholding trial judges' decisions in allowing or refusing late-demanded jury trials, has specified that, in exercising its discretion under Rule 39(b), the Court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (internal quotations omitted).

In this case, the Plaintiffs' failure to make a timely jury demand resulted from nothing more than oversight and inadvertence. However, despite Defendants' arguments to the contrary, the Court concludes that Defendants would not be actually prejudiced by a jury trial. Indeed, the agreement of the parties that "[t]his is a jury case" in the JSR, which was adopted by Court Order, suggests that the parties believed this to be a jury trial all along (Doc. 31). Finally, the Court cannot find any strong or compelling reasons to refuse a trial by jury. *See AMF Tuboscope, Inc.*, 352 F.2d at 155. The Court, therefore, will exercise its discretion to allow Plaintiffs to subject their claims to a trial by jury.

**III.   Conclusion.**

Although Plaintiffs' failure to make a timely jury demand is unjustifiable, a jury trial would not prejudice the Defendants and there are no strong or compelling reasons to deny a trial by jury. **WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Jury Trial is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**