IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SEAN AND ANZELA E., individually and
on behalf of their daughter, D.E.,

      Plaintiffs,

v.                                                              CIV 07-1191 RB/KBM

DAVID and MAGGIE FRAGA, *et al.*,

      Defendants.


## FINDINGS AND RECOMMENDATION

THIS MATTER is before the Court for approval of the parties' settlement agreement. District Judge Robert C. Brack referred this matter to me to hold a fairness hearing since the negotiated resolution involves release of the minor plaintiff's claims. *See Doc. 126.* Attorney Joleen Youngers was appointed the *Guardian ad Litem* to represent the interests of D.E. on April 22, 2009 *(Doc. 123).* The Report of Guardian Ad Litem ("Report") was filed with the Court on July 13, 2009, and a Supplemental Report ("Supplement") was filed the day of the hearing.

The Court conducted a fairness hearing on July 16, 2009 here in Las Cruces. Attending by telephone were Elizabeth German for the Las Cruces Public Schools Defendants, Ripley Harwood for Defendant L.N., and Stephen Simone for Defendants Maggie and David Fraga. Plaintiffs Sean and Anzela Escobar and their attorney, CaraLyn Banks, appeared in person, as did Ms. Youngers on behalf of Plaintiff D.E. All participants indicated that they had received and reviewed the Guardian ad Litem's Report and Supplement prior to the hearing.

*Findings*

Having ruled on many pretrial dispositive motions, Judge Brack is very familiar with the allegations of the Complaint and the defenses that have been raised by the defendants. *See Docs. 74, 76 & 77.* Therefore, I will only briefly address them. The parents of D.E. brought this action on behalf of their daughter and themselves for injuries arising from an alleged sexual assault that occurred in 2006. The Complaint alleges that at the age of twelve, D.E. was fondled and digitally penetrated by L.N., an older student who served as a student aide in the special education class D.E. attended at Zia Middle School. Following rulings on the dispositive motions, the only remaining claims were: (1) an I.D.E.A. claim against the Las Cruces Public School District; (2) negligence, assault, battery and intentional infliction of emotional distress claims against L.N.; and (3) common law negligence and statutory parental liability against the Fragas for the torts of their child.

Before hearing from the attorneys and taking testimony, I set forth on the record certain observations relevant to this hearing. Because I conducted the settlement conference on April 7, 2009 which resulted in this negotiated resolution, I first found that the proposed settlement was fairly and honestly negotiated and voluntary as to all the parties. I also incorporated the portions of Ms. Youngers' Report which thoroughly and accurately noted that serious questions of law and fact existed and placed the ultimate outcome of litigation seriously in doubt. And for the reasons outlined in the Report, the value of an immediate recovery substantially outweighs the mere possibility of future relief after protracted and expensive litigation. I especially noted that there is substantial value to ending the ongoing emotional stress that this litigation has placed on all three plaintiffs, but especially D.E.

Ms. Youngers has done a most admirable job in performing her duties as the *Guardian ad Litem*, and I cannot improve on her thorough and complete analysis which I incorporate herein. I

want to assure Judge Brack that I have independently reviewed the terms of the settlement and the distribution beyond just the report and heard the testimony of both parents who I find fully competent and fully informed of the consequence of entering into this settlement as to both their individual claims and those of their daughter.

As to the $250,000 settlement proceeds, Plaintiffs' counsel has agreed to accept 25% as their attorney fees (well below the usual contingency percentage), which is $55,000.00, out of which counsel has agreed to pay the gross receipts tax. Of the remaining proceeds, 75% will be placed in a CD at Citizen's Bank under a conservatorship for the benefit of the child, D.E., with the parents serving as the conservators.[1] Both parents expressed a commitment to remain vigilant and act if in the future a special needs trust would best serve D.E.'s interests. As of now, I am convinced that a conservatorship is in the best interest of the child.

Finally, the remaining 25% of the proceeds will be paid to the parents for the emotional distress they have individually suffered. Along with D.E., they have found a newer home on a *cul de sac* in a safer neighborhood and in a new school district. They believe this will provide D.E. with a better sense of security to lessen her fears and give her a "fresh start" at the new school. They intend to use the settlement funds as the down payment towards the purchase of that home. It would be best to expedite approval of the settlement to see to it that this is accomplished before the start of the new school year.

### *Conclusions of Law and Recommendation*

After consideration of the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter. The Court further concludes that the settlement is

---

[1] Plaintiffs' attorneys will be reimbursed costs in the sum of $2,627 which will be taken out of D.E.'s portion of the settlement.

fair and reasonable under the circumstances, and acceptance of the settlement is in the best interests of the minor child D.E.  The Court therefore recommends that the settlement be approved and that the claims against all remaining Defendants be dismissed with prejudice.  After being informed of their right to file objections to my findings and recommendations, all parties have agreed to waive that right since they are in agreement with the proposed disposition.

_____
UNITED STATES MAGISTRATE JUDGE